The following are the facts in the case:
Henry Williams died in Martin county in 1860, leaving a will which was duly admitted to probate, and J. R. Stubbs, the executor named therein, qualified and assumed his duties as such. At the time of his death Henry Williams was domiciled in the county of Martin.
The testator left him surviving Henry Williams, the plaintiff, Annabella, wife of J. D. Young, defendant, and Mary, (now dead,) wife of J. R. Stubbs, his only children and general legatees.
Mary Stubbs died intestate in 1861, leaving the defendants, Henry W. and Jesse Stubbs, her only children and heirs-at-law. *Page 175 
J. R. Stubbs died intestate in 1870, leaving the estate of the testator unsettled, and the defendant was appointed administrator de bonis non.
The defendants, Laura E., Harry, W. K., Maria A., and Alfred A. Williams, are infant children of the plaintiff, Henry Williams, and the defendants, Eliza W. and Samuel H. Young, are children of J. D. and Annabella Young, and the defendant, C. B. Hassell, is the administrator debonis non of the testator.
Prior to his death, the testator had contracted to purchase from B. A. Capehart and his wife, Maria A., a tract of land in Washington county known as "Woodlawn," but died without paying for or obtaining title to the same, and the executor paid the purchase money therefor out of the personal estate of the testator and procured title to be made directly to the children of testator, Henry Williams, Annabella Young and Mary Stubbs.
The testator devised all of his estate, both real and personal, (after some special legacies, which have been paid,) to his said children in equal portions, requiring the executor to take from each legatee only his or her individual receipt, or the receipt of the guardian or husband of the daughters.
By the 8th section of the will, the respective shares of his children were to be received, used and enjoyed by them, for and during the terms of their natural lives respectively, and by the 9th, 10th and 11th sections he devised, upon the death of any one of his children, all the property, including the principal of any bonds to which such child was entitled, to the living issue of such child absolutely and forever.
The 12th section provided that in case of the death of any one of his children, leaving no issue, his or her share, including the principal of bonds received by him or her, should go to the survivor of them.
The plaintiff demanded that said land be declared a part of the personalty of Henry Williams, deceased, belonging in severalty two-thirds to the plaintiff, Henry Williams, and one-third to Henry W., and Jesse Stubbs, defendants absolutely, *Page 176 
and that some proper person be appointed commissioner to sell the same on such terms as may be proper; and upon the said Henry Williams, J. D. Young and T. B. Slade, guardian, executing their respective receipts to C. B. Hassell, administrator de bonis non, for their respective shares therein, that the Commissioner pay over the proceeds of such sale, after deducting proper expenses, two-thirds to Henry Williams, plaintiff, and one-third to T. B. Slade, guardian of Mary W. and Jesse Stubbs.
It was admitted that the land could not be actually divided, and a sale was necessary for partition.
Upon these facts it was adjudged by the Court:
1. That the interest of the parties in the "Woodlawn" arm was personal estate, to be distributed under the will of Henry Williams.
2. That the children of the testator, under the will, took only a life estate in said fund as part of the personalty, and the remainder was the absolute property of Henry Williams' children as to his share; that Mrs. Young's children took the remainder of her share at her death, and that the Stubbs children took their mother's portion absolutely.
It was ordered by the Court that the land be sold and the proceeds divided as above declared, after assessing the life estate of Henry Williams and Mrs. Young, and that their individual receipt was not sufficient to authorize them to receive the interest of their children, but that their portions be paid to their guardians when appointed, and in the meantime be retained. That the cost of this action be paid out of the fund arising from the sale of the land.
To this judgment the plaintiffs excepted, upon the ground:
1. That the plaintiff and J. D. Young and wife take an absolute estate in one-third of the fund arising from the sale of Woodlawn farm, instead of a life estate only therein.
2. That the decree does not permit the plaintiffs, Henry Williams and J. D. Young, to collect the entire third thereof each, upon executing their individual receipts to the defendant *Page 177 
C. B. Hassell, Administrator de bonis non, or to the Commissioners of sale therefor.
The Court overruled the exceptions and the plaintiff appealed.
1. Suppose the testator had taken a title to the land in his lifetime, but left the price unpaid as a debt against his estate; and the executor had paid the debt out of the personal estate, which is primarily the fund for paying debts; that would not have changed the land into personalty. It is the same in this case, where the testator had only contracted for the title. There was error in the ruling of his Honor upon this point.
2. His Honor was right in ruling that the children of the testator took only a life estate in the land, (personalty as he considered it,) but he was in error in holding that the children of the children take the remainder. The remainder is "to the living issue of such child absolutely and forever." So that they are not the children of the testator's son Henry that take Henry's share in remainder; but only such of his children as may be living at Henry's death. And so of the rest.
3. It will be seen, therefore, that the persons who are to take the remainders are not ascertained. They may be the same who are now in existence, or they may be added to by subsequent births, or diminished by deaths.
As the persons who may be entitled to the remainder are not ascertained, so they cannot be represented; and as their numbers and conditions are not known, so the propriety of a sale of the lands cannot be determined.
It was error to order a sale of the land.
This will be certified.
PER CURIAM. Judgment accordingly. *Page 178