JOSEPH H. SKINNER v. CAROLINE WOOD and others.

*Will — Construction of — Power of Executor to Sell Land.*

1. Where A dies leaving a last will and testament, appointing B and C his Executors, " with discretionary powers to settle my estate as they judge best for the interests of my heirs at law ;" *Held,* That the Executors have no power to sell the lands of the testator.

2. To confer a power to sell land under a will, plain and express words are necessary ; or the power must be implied by the imposition of duties on the Executor, which cannot be performed except by a sale.

CIVIL ACTION tried at Fall Term, 1876, of CHOWAN Superior Court, before *Eure, J.*

The only question presented by the case agreed, for the decision of this court, is, whether the will of John Skinner gave to his Executors the power to sell the land in dispute. The opinion delivered by Mr. Justice Rodman contains a sufficient statement of the facts.

His Honor in the court below was of opinion that the Executors had the power to sell the land ; and it appearing that the sale was made in good faith and that the amount was a fair price, he gave judgment for the defendants, and the plaintive appealed.

*Messrs. Smith & Strong,* for the plaintiff.
*Messrs. Gilliam & Pruden,* for the defendant.

RODMAN, J. 1. This action is by Joseph H. Skinner to recover a piece of land. The defendants are C. M. Wood, W. C. Wood and Lavinia Skinner. The complaint alleges that the plaintiff and the said Lavinia are the heirs of John Skinner, deceased, and own the land by inheritance from him, and that the defendants Wood (not including Lavinia) are in possession and wrongfully withhold it from plaintiff.

No reason is stated why Lavinia is not made a party plaintiff or why she is made a defendant. As she is not in possession, no judgment can be recovered against her in this action. As it appears by the complaint that the plaintiff is entitled to half of the land only, his recovery, if he be entitled to recover at all, must be limited to that estate. If it appeared, as it does not, that Lavinia had conveyed her moiety to the other defendants, the plaintiff could not recover without proof of an actual ouster.

Upon the complaint alone, without reference to any defence, the plaintiff is entitled to recover a moiety of the land sued for.

2. The defendant Lavinia does not answer, and as no judgment was asked against her, there was no need for her to do so.

The other defendants answer and present new matter in defence. It is unnecessary to state it, inasmuch as by presumption of law it is denied, (C. C. P. § 127,) and there is no evidence in support of it except what appears in the case agreed, which we must take as stating all the facts capable of proof, bearing on the controversy between the parties. Perhaps if it had appeared that at the execution of the will, the testator had been possessed of personal property greatly exceeding his debts in value, an argument might have been drawn from that fact, that the testator did not anticipate as possible, a necessity for the sale of his land and therefore did not intend to give such a power to his executors. If on the contrary, it had appeared that his personal property was manifestly inadequate to the payment of his debts, it would have furnished an argument in favor of his having intended to give such a power. As the condition of the testator's estate in respect to his debts does not appear in the case agreed, we are unable to put ourselves in his place as to the circumstances or to draw any conclusion as to his intent in his will, except from the mere words of the will.

3. From the case agreed, it appears that John Skinner, the ancestor of the plaintiff, died in December, 1860, leaving a will of which the following is a copy:

"1, John Skinner, of Athol, Chowan County, State of North Carolina, nominate, constitute and appoint William Wood and John Skinner of Perquimans as my executors, with discretionary powers to settle my estate as he shall judge best for the interests of my heirs at law."

The will is dated 27 November, 1860.

The executors qualified, and believing *bona fide* that they were empowered to sell the land of their testator, and that it was for the benefit of his heirs to do so, they did sell to Edward Wood, (whom the defendants Wood represent) in November, 1863. The testator was indebted to said Edward Wood by a bond for $15,000, and the executors took in payment for the land the said bond and $15,000 in Confederate bonds and currency. It is admitted that the price was not inadequate at the time of the sale and that all parties acted in good faith, and also that Edward Wood after his purchase expended some considerable sum of money in repairing the buildings on the land and in other improvements.

Thus, it is seen, that the simple question presented, is, did the will give to the Executors a power to sell the land? And this question we must determine upon the mere words of the will, without the aid of any extrinsic circumstances capable of affecting their construction.

We are of opinion that it did not. Ordinarily the estate and control of executors are confined to the personal property of the testator. To extend it to his land, he must give them an estate in the land or a power to dispose of it. Clearly no estate in the land is given by this will. A power over the land—for example, to sell it—must be given by plain and express words, or it may be implied by the imposition of duties on the executors which cannot be performed

except by a sale; for example, to pay the debts of the testator with his lands or to divide the proceeds among his heirs, &c. In the present case there are no words expressly giving to the executors a power to sell. And no duties are imposed which the testator must have known would require the executors to sell in order to perform them; as in the examples given above. The words of the will give to the executors a fuller control over the personal estate, than their mere nomination as executors would have given them. They are empowered to deal with it at their discretion, provided their discretion is honestly exercised. The words are satisfied by construing them as limited to this effect. There is nothing in them requiring us to extend their meaning so as to embrace a power to sell land, which is a power beyond those usual to executors; and in the absence of a reason for so extending them, we would not be justified in doing so' If words taken in a limited sense, as confined to certain usual objects, or to giving certain usual powers, have a meaning which may reasonably fulfil the intention, there is no ground for interpreting them as extending to other less usual objects or powers, unless a reason for doing so can be found in the circumstances of the party using them, at the time they are used.

Of course this opinion is confined to the single point presented on the record. The liability of the heirs of the testator for the debt, the right of the executors or of the creditor to compel a sale of the land through the Courts and the right of the purchaser to be indemnified for his improvements to the extent to which they have increased the value of the land, are questions not presented and which we have not taken into consideration.

The judgment below is reversed, and the plaintiff will have judgment in this Court, to recover one half the land described in the complaint, with costs against the defendants

Wood. The defendant Lavinia will recover her costs of the plaintiff.

PER CURIAM.                    Judgment reversed.