In the matter of C. H. MILLER and others.

*Wills—Sale of land cannot be had during continuance of estate for life.*

The testator devised land to his daughter for life with remainder to such children as she may leave her surviving; *Held,* that the land cannot be sold for partition during the continuance of the estate of the life tenant (*Williams* v. *Hassell*, 73 N. C., 174, and 74 N. C., 434), for, until the death of the life tenant, those in remainder cannot be ascertained.

(*Watson* v. *Watson*, 3 Jones' Eq., 440; *Dodd, ex-parte*, Phil. Eq., 97; *Williams* v. *Hassell*, 73 N. C., 174, and 74 N. C., 434; *Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Hassell* v. *Mizell*, 6 Ired. Eq., 392; *Parks* v. *Siler*, 76 N. C., 191, cited and approved).

PETITION to sell land for partition commenced before the clerk and heard on appeal at Spring Term, 1884, of BUNCOMBE Superior Court, before *Graves, J.*

40

The clerk refused the prayer of the petitioners upon the ground that it could not be ascertained who would be entitled to the estate limited over under the will of James M. Smith until the expiration of the estate of the life tenant, Elizabeth A. Smith. This ruling was affirmed by the judge, and the petitioners appealed.

*Messrs. J. H. Merrimon* and *M. E. Carter*, for petitioners.

SMITH, C. J. By a codicil to his will made in the month of February, 1856, and proved in the county court of Buncombe at July term of the same year, James M. Smith devises certain lots, describing them, in the town of Asheville to his daughter Elizabeth A., wife of J. H. Gudger, "to her sole and separate use and benefit for and during her natural life, with remainder to such children as she may leave her surviving, 'and those representing the interest of any that may die leaving children."

The offspring of this marriage are the petitioners, L. R., intermarried with C. H. Miller, senior, Polly V., intermarried with J. W. Stepp, and J. H. Gudger; and the other petitioners are the infant children of the others mentioned. Their father died in 1859, and the said Elizabeth afterwards married one Winslow Smith, who also died in 1872 without issue, and she has conveyed her life estate in the premises to the said C. H. Miller, senior.

The object of this suit commenced before the clerk of the superior court is for partition and sale of the premises, the petitioner, owning the estate for the life of the devisee Elizabeth A., now of the age of fifty-five years, assenting to the proposed sale for division and expressing his willingness to accept from the proceeds a sum *in solido* measuring the value of his 'precedent estate in money, and to allow the residue to be apportioned and secured to those entitled in remainder according to their respective shares and interests. The clerk declined to entertain the petition and grant its prayer, and his ruling being affirmed by the judge, the subject is brought before us by the appeal.

This is not an application preferred by the guardian of infant

owners of property for its sale in order to pay off incumbent debts and demands, or for its conversion into other estate, upon representations from him sustained by proofs that this would materially promote the interests of the wards, under the provisions of the statute which confers upon the court the authority to order the sale. THE CODE, §§1602, 1603, 1604. The tenants in whom vests the estate in remainder are of full age and competent to dispose of what they own. The interests of their children are contingent and uncertain, and no court would for one moment listen to a suggestion of their being sold for any supposed benefit to accrue to them. The proceeding professes to be and is for a division by means of a sale under the law (THE CODE, §1892 and following), and its apparent purpose thereby to divest the estate of all ulterior contingent limitations and transmit it unaffected by them to the purchaser. To this end the children, now living, are associated with the parents as petitioners.

Can the court proceed to make such a decree as will cut off the claims of all contingent remainder-men to the estate and pass an absolute title thereto? The solution of this enquiry renders it necessary to look into past adjudications, of which there are several, in regard to the possession and exercise of the assumed judicial authority to make such decretal order.

In *Watson* v. *Watson*, 3 Jones' Eq., 400, the devise of the land was to the plaintiff for life and at his death to such of his children as might be then living, and the issue of any who may have meanwhile died, and, in the event of the plaintiff's dying without issue, then over to other persons designated by name. The plaintiff had never been married. The court refused to order the sale, BATTLE, J., who delivered the opinion, declaring that "the counsel for the plaintiff are compelled to admit that, after a diligent search, they cannot find a case in which a court of equity has undertaken to order the sale of land limited to persons not *in esse.*"

In *Ex-parte Dodd*, Phil. Eq., 97, under a similiar clause in a

will where there were children of the life tenant, who, if they survived him, would take in immediate remainder with others who should thereafter be born and who survive him, the court asserted its authority, in a proper case, to order a sale and bind all, distinguishing the case from the other in the fact that the children as a class were represented in those children who were parties, and all would be concluded by the decree.

In *Williams* v. *Hassell*, 73 N. C., 174, the limitation after an estate for life was "to the living issue" of the tenant in fee, and. READE, J., says: "They are not the children of the testator's son Henry that take Henry's share in remainder; but only *such* of his children as may be living at Henry's death. And so of the rest. It will be seen, therefore, that the persons who are to take the remainder *are not ascertained*. They may be the same who are now in existence, or they may be added to by subsequent births, or diminished by deaths. As the persons who may be entitled to the remainder are not ascertained, so they cannot be represented; and as their numbers and conditions are not known, so the propriety of a sale of the lands cannot be determined. *It was error to order a sale of the land.*

The same case was again before the court at the next term (74 N. C.; 434), on a petition filed in behalf of all the parties to the action to determine whether Hassell, as administrator *de bonis non*, had the right to sell the land, and the same judge says: "The opinion filed at last term declares that inasmuch as the lands are devised to first takers for life only with remainder to such of their *children as should be living at their death*, it cannot be ascertained *now* who are to take the remainder; and not being ascertained *they cannot be represented or bound by any proceeding, and therefore the lands cannot be sold at all.*"

This case is so precisely in point with that under consideration, and so clear an exposition of the principle upon which a court of equity acts in assuming authority to dispose of estates, that we give it an unhesitating approval, and sustain the ruling of the court below.

We have not adverted to another impediment in the way of a successful prosecution of the present proceeding, for that partition is made only of estates whereof the tenants in common have the seizin and possession, and not of estates in remainder after a life estate (*Maxwell* v. *Maxwell*, 8 Ired. Eq., 25; *Hassell* v. *Mizell*, 6 Ired. Eq., 392; *Parks* v. *Siler*, 76 N. C., 109); nor have we adverted to the obvious difficulties to be met in securing or making a proper present disposition of the fund to meet future contingencies.

We allude to them, lest our silence may be misinterpreted into an approval.

No error. Affirmed.