DR. JAS. M. HENDERSON v. WILLIS B. DOWD.

*Constitutional Law—Legislative Powers—Appointment of Guardian—Idem Sonans.*

1. An Act of the Legislature authorizing a certain person "to act as guardian" of another without giving bond, is constitutional, and is in itself an appointment without intervention of the Clerk.

2. Where there is no doubt as to the identity of the person named in the Act, an Act of the Legislature is not invalid, because, by clerical error, the initial letter of his middle name is incorrectly inserted therein.

This was a CONTROVERSY submitted without action under Section 567 of *The Code* and tried by His Honor *Judge*

*Robinson, at Chambers,* in Shelby, April 19th, 1895.    The case agreed states :

That the defendant, Willis B. Dowd, is the guardian of Margaret E. Henderson, a lunatic, duly appointed by the Clerk of the Superior Court of Mecklenburg county, and has in possession the real and personal property of his said ward.

That the defendant has removed to the city of New York, having tendered his resignation as such guardian which the said Clerk is willing to accept provided a suitable person can be found to take the said office.

That Dr. Jas. M. Henderson, the plaintiff in this action, is willing to accept the said guardianship but, owing to the difficulty of making the required bond, applied to the Gen-Assembly of 1895 and obtained the passage of the act referred to in the pleadings and a controversy has arisen in regard to the construction of the said act, being contended on one side that the plaintiff is entitled to the office of guardian and to the property of the said ward without the intervention of the Clerk of the said Court, while it is contended on the other side that the only object and effect of the said act was to authorize the Clerk of the said Court to appoint the plaintiff guardian of the said ward without requiring of him the bond provided for in Sections 1573 and 1574 of *The Code.*   His Honor, being of the opinion that no appointment on the part of the Clerk of the Court was necessary, gave judgment against the defendant for the delivery of the said ward's property into the possession of the plaintiff, from which judgment the defendant appealed.

Section 1 of the Act of the General Assembly referred to is as follows :

"That Dr. Jas. H. Henderson, of Charlotte, North Carolina, be allowed to act as guardian of Margaret E. Hender-

son without being required to give bond as directed by Section 1574 of *The Code.*"

*Messrs. McCall & Nixon, Jones & Tillet,* for plaintiff.
*Mr. Clement Dowd,* for defendant ( appellant ).

FAIRCLOTH, C. J.: This Court is of opinion that the Legislature has the power to enact that the plaintiff be appointed guardian of Margaret E. Henderson without bond, &c., because there is no restriction on such power in the organic law.   The policy of so doing is not for this Court to consider.   It is by the authority of the Legislature that the duties of the Clerk are prescribed and regulated, and if that body can delegate the execution of such duties to the clerk, it must have the power to do the same.   We are not to be understood as saying that the guardian, when thus appointed, is exempt from accountability, nor from the supervision of the clerk, as in cases of appointment by the clerk, except in the matter of entering into bond.   The objection to the name of the plaintiff is without force. There is an interesting list of *idem sonans* cases collected in *State* v. *Collins,* 115 N. C., 716.

Judgment Affirmed.