C. H. MILLER et al., v. J. M. ALEXANDER.

(Decided May 17, 1898.)

*Private Act of General Assembly—Judicial Powers— Constitutional Law—Invalid Statute.*

1. The propriety of ordering sales of lands upon petition of the owners is purely a judicial duty.

2. A private act of the General Assembly (Ch. 152, Acts of 1897) in order to "disentangle and unfetter the title" to certain lands which had been devised to "G. for life, remainder to her surviving children and those representing the interest of any that may die leaving children," and which lands this Court had decided (90 N. C., 625) could not be sold until the death of the life tenant, enacted that the lands should be sold by a Commissioner named in the Act and the proceeds invested for the purposes of the will. *Held,* that such enactment was void, being an attempted exercise of judicial power by the Legislature and an infringement upon Section 8, Article I. of the Constitution which provides that "the Legislative, Executive and Judicial powers of the government ought to be forever separate and distinct from each other."

CIVIL ACTION to enforce the specific performance of a contract for the purchase of land heard before *Norwood, J.,* at August Term, 1897, of BUNCOMBE Superior Court, on an agreed statement of facts which sufficiently appear in the opinion. His Honor rendered judgment for the plaintiff and defendant appealed.

Miller *v.* Alexander.

The brief of Mr. Whitson, for the plaintiff, relied up-
on the following authorities: 2d Blackstone Com. Ch.
21; Greenleaf Crim. Title, 33; *Rice* v. *Parkman*, 16th
Mass., 320; *Sohier* v. *Hospital*, 57 Mass., 483; *Hoyt* v.
*Sprague*, 103, U. S., 613; Cooley Con. Lim. 6th Ed.
pages 117 and 122; *Railroad* v. *Jordan*, 69 Miss., 939;
*Wilkinson* v. *Lelland*, 27 U. S., 660; *Hoyt* v. *Sprague*,
103 U. S., 613; *Brevoort* v. *Grace*, 53 N. Y., 245; *Leg-
gett* v. *Hunter*, 19 N. Y., 445; *Bass* v. *Navigation Co.*,
111 N. C., 439; *Gannett* v. *Leonard*, 40 Mo., 205;
*Thomas* v. *Pullis*, 56 Mo , 218; *Tatom* v. *White*, 95 N.
C., 453; *Gordon* v. *Collett*, 107 N. C., 362; *Watkins* v.
*Hollman*, 16 Pet., 62; *McComb* v. *Gilkey*, 29 Miss., 146.

*Mr. W. R. Whitson*, for plaintiff.
No counsel for defendant, (appellant.)

FAIRCLOTH, C. J.: James M. Smith devised lands to
his daughter Elizabeth A., wife of J. H. Gudger "to
her sole and separate use and benefit for and during her
natural life, with remainder to such children as she
may leave her surviving and those representing the in-
terest of any that may die leaving children." The
plaintiffs are the remaindermen—consisting of the off-
spring of Gudger's marriage and some others who are
minors. These parties filed a petition to sell said land
for partition about 1883, and on appeal this Court held
that the lands could not be sold during the time of the
life estate, as that was the earliest time when those in
remainder could be ascertained. *Miller ex parte*, 90 N.
C. 625. By a private Act of 1897 ch. 152 on petition of
plaintiffs, in order " to disentangle and unfetter the con-
dition of the title " the Legislature designated C. H.
Miller a commissioner of the Assembly and authorized

him to survey and divide said lands into lots according to his judgment and to sell the same with the approval of the adult petitioners, and make title to the purchaser in conjunction with those of full age. It was also directed that he hold the proceeds as a trust fund to be reinvested as fast as is expedient for the purposes intended by the will. The Act requires that Miller report his sale to the clerk, and the only thing the clerk is required to do is to demand a bond from the commissioner to secure the purchase money. The sales made by Miller are not required to be approved by the clerk, the court or the Legislature. He proceeds on his own judgment.

The real question presented in the case is this: Is the Act constitutional? Article I. Section 8 is in these words: " The legislative, executive and supreme judicial powers of the government ought to be forever separate and distinct from each other." In petitions for a judicial sale of lands the court hears the allegations and requires proof, and passes upon the sufficiency of the proof and determines upon such proof and the surrounding circumstances the propriety of ordering the sale. This is manifestly a judicial duty. The Legislature in the case before us assumed to pass upon and determine these questions on an *ex parte* application, and authorizes a sale upon a state of facts which this Court had held could not be done because of the contingency as to who would be the owners when the life estate determined. In this way the Legislature undertook to exercise judicial power, and in doing so crossed the line between the legislative and judicial branches, marked out by the Constitution. In *Robinson* v. *Barfield*, 6 N. C., 391 (932) a deed was acknowledged by a *feme covert* and ordered to be registered, there being no private examination. An Act of Assembly subsequently passed

declared that such deeds not executed according to law "shall be held, deemed and taken to be firm and effectual in law." The court held that the Act was *unconstitutional* and in violation of Article I. Sec. 8. *Hoke* v. *Henderson*, 14 N. C., 1. We hold this, except as to titles acquired subsequent to the validating statute. *Barrett* v. *Barrett*, 120 N. C., 127.

It has been suggested that a general Act of this kind, *i. e.*, not for a special case, would present a stronger case for the petitioners. We express no opinion on that view at present. The case of *Henderson* v. *Dowd*, 116 N. C., 795 has no bearing on this question.

Reversed.