PENDER v. PENDER.

(Filed September 24, 1901.)

REMAINDERS—*Contingent Remainders—Estates.*

Where a person conveys land to A for life, and at death of A, to the children of A, and if children of A die before A, then to grandchildren of A, it does not create a contingent re mainder in the grandchildren, and A and her children may convey the land in fee-simple.

ACTION by Mary C. Pender and others against James Pender, heard by Judge *T. A. McNeill,* at April Term, 1901, of the Superior Court of EDGECOMBE County. From a judgment for the plaintiffs, the defendant appealed.

*John L. Bridgers* and *G. M. T. Fountain,* for the plaintiffs.

No counsel for the defendant.

CLARK, J. The lot in question was conveyed to a trustee, first, for payment of a debt (which has been long since

paid), "then to convey said land to Mary Pender, wife of David Pender, during her life, and at her death to hold it as a residence of David Pender so long as he resides thereon; and as soon as he ceases to reside thereon, to convey the said lot to the children of said David and said Mary; and if any of the children aforesaid shall die, leaving children surviving them, such child or children shall stand in the place of the deceased parent or parents, to have and to hold to the said children as aforesaid, to them and their heirs aforesaid." The debt having been paid, the trustee thereupon conveyed a life estate to Mary Pender. David Pender died in 1897, having ceased to use said lot as a residence many years prior thereto. David and Mary Pender had issue, three children, one of whom died intestate and without issue. The trustee has conveyed to the surviving children the fee subject to the life estate of their mother. They have, in pursuance of a contract of sale heretofore made, united with their mother in a deed, regular in all its parts, which they have tendered to the defendant, who contracted to purchase the land, but who now declines to accept the deed upon the ground that under aforesaid trust deed they can not make him a good and indefeasible title.

This presents the sole question in controversy, which comes up on an agreed state of facts, "upon an action submitted without controversy," duly verified, as required by section 567 of The Code.

His Honor correctly held that the deed tendered by the plaintiff conveyed "a good and indefeasible title and estate in fee-simple, free and clear from all claims, contingent or otherwise," and adjudged that the defendant should accept said deed and pay the purchase price agreed upon.

There is here no contingent remainder to "such children as shall be living" at the death of Mary Pender, or at cessation of the occupation of premises by David Pender. The trust is (after payment of the debt) to Mary Pender for life with

PENDER *v.* PENDER.

remainder to the children of Mary and David Pender (subject to the latter's right of occupation for a residence). The direction is to convey the land subject to Mary Pender's life estate to the children of herself and David, when he ceases to occupy the lot as a residence. His death fulfilled that condition and the trustee thereupon properly executed such deed to the children. The condition that "if any of the children as aforesaid shall die, leaving children surviving them, such child or children shall stand in the place of the deceased parent or parents," speaks of the date when the conveyance subject to the mother's life estate should be made, *i. e.,* on the cessation of David Pender's occupation of the premises. The deed then made to the two surviving children, the other having died intestate and without issue, was an exact and faithful compliance with the terms of the trust. The provision that if any of the children should die, leaving children, such children shall represent their parents, has no application here (for there were none such), and could not, even if the date of the conveyance had been still in the future, have turned this limitation into one to "such children as shall then be living." It is not a contingent remainder to those then living, but is a provision that the share of those deceased shall go to their children. The case falls under the class of cases represented by *Irvin v. Clark,* 98 N. C., 437, and has no analogy to the line of cases of which *Williams v. Hassell,* 73 N. C., 174, is an exponent.

No error.