Tayior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 If this case were considered on the ground of intention merely, I apprehend, no doubt could exist that the testator meant an immediate vesting of the remainder in his son, and not to place it on the contingency of his arrival at age. Otherwise, if the son should marry, have issue, and die before twenty-one, that issue would he unprovided for: a consequence which certainly never could have been intended by a man who had but two objects, on whom to bestow his bounty, a wife and an only child. But further, he directs that his son should be maintained and educated •out of the profits and income of his property: and this shews that the time of enjoyment of the property was postponed, with the twofold view of benefit to the. wife, and that his son should be qualified to manage it when he came to the possession.
 

 And this construction of the will is borne out and sustained by a series of authorities, strongly bearing on the point, and, which consider the words used in this will as seeming only to import a contingency, though, in truth, they convey no additional meaning. A vested remainder is limited by the will, and these words mark the time when the remainder is to vest in possession, the devise being considered as made subject to the intermediate estate created out of it, and made an exception to it. The case of Boraston in 3 Coke, 19, establishes this doctrine; but Mansfield
 
 v.
 
 Dugard, in Gilbert’s Eq. Rep. is so much in point that it merits particular observation. A man devised certain lands to his wife till his son and heir apparent should attain to his age of twenty-one years; and when his son should attain to that age, then to his son and his heirs, and died. The son lived to the age of thirteen, and then
 
 died;
 
 and the wife, supposing that she had a
 
 *320
 
 title to hold the lands till such time as the son would have attained his age of twenty-one, in case he had lived to that time, continued in the perception of the rents and profits of the said lands for several
 
 years;
 
 and the bill was brought against her by the heir at law of the son, to have an account of the rents and profits from the death of the sou. And though the wife was likewise executrix of the husband, yet it not being devised during that time for payment of debts, nor any creditors or want of assets appearing, it was held by the Chancellor that the wife’s estate determined by the death of the son, and that the remainder vested personally in the son upon the testator’s death, and was not to expect till the contingency of his attaining 1ns age of twenty-one years should happen ; for then, in this case, it never would have vested, he dying before that age; and, therefore, decreed the wife to account for the profits from the time of the son’s death.
 

 The case before us is something stronger, as there is a trust created for the education and maintenance of the
 
 son;
 
 and as the testator makes a different disposition of the estate he acquired by his marriage, giving the whole of that to his wife. His meaning is evidently the same as if he had said, “ All the property I received with my wife
 
 “
 
 I give her absolutely; and, as to the rest of my pro-í£ perty, I allow her to enjoy it till my son come of age,
 
 “
 
 when he is to be put into
 
 possession;
 
 but, in the mean
 
 et
 
 time, be educated and maintained out of the income of “ both parts.”
 

 The following cases support the general doctrine: Hayward
 
 v.
 
 Whitly, 1 Burr. 228. Doe
 
 v.
 
 Lea, 3 Term Rep. 41; though, in point of circumstances, they are distinguishable from this, inasmuch as trustees were interposed to manage the estate for the benefit of the infant legatee. But the case of Mansfield
 
 v.
 
 Dugard was clear of this feature
 
 ;
 
 and, being a devise to the widow for her own benefit, whatever was the proper construction on that will, must be alike proper on this. Its authority has been
 
 *321
 
 always admitted since the decision; and in Hanson
 
 v.
 
 Graham, 6 Vesey, 239, the Master of-the Roils remarks upon it, that it was clear the testator meant to postpone the enjoyment of the son for the sake, of the antecedent benefit to the wife; but he clearly meant a vested remainder, not contingent, whether the son should take any benefit at all in the estate.
 

 It ought to he understood, that the determination in this -case docs not conflict with the rule, that where a devise or bequest is made to a person when he shall attain twenty-one, without any disposition of the property in the mean time, that generally such devise or bequest is conditional, and will not vest before the arrival of that period. For the word “
 
 when,”
 
 standing by itself and applied to legacies, is a word of condition. But an exception is made to the rule where the testator has disposed of the intermediate interest either to a stranger or the legatee. It was upon this distinction that the case of Perry
 
 v.
 
 Rhode’s administrator was decided. 1 L. Rep. 82. The Plaintiff is entitled to judgment.