Bíttle, J.
 

 We deem it unnecessary to express any opinion in relation to the correctness of the interesting account given by the" counsel for the petitioners of the origin and extent of the chancery jurisdiction as exercised in the Courts of Equity of this State. The powers of such courts to order the sale of the real estate of infants, upon the application of their guardians, showing that the interests of their wards would be promoted by it, cannot be questioned since the ■passage of the act of 1827, c. 33. (See Rev. Code, c. 54, s. 32.) The cases of
 
 Troy
 
 v.
 
 Troy,
 
 Bus. Eq., 85,
 
 Watson
 
 v.
 
 Watson,
 
 3 Jon. Eq., 400, and
 
 Houston v. Houston, ante,
 
 p. 95, are
 
 *100
 
 instances to show where the power will or will not be exercised. It is certain that if land be devised to a person for life, with an executory devise in fee to his children, the court cannot order a sale of the land before the birth of any child, because, not being
 
 in
 
 esse, there can be no one before the court to represent its interests. Such was the case in
 
 Watson
 
 v.
 
 Watson.
 
 But if there be any children
 
 in esse,
 
 in whom the estate in fee can vest, a sale may be ordered, because, if their interests require it, they may be represented by their guardians; and this may be done, though all of the children of the class may not yet have been born. Such is the case now before us, with the exception that there is an executory devise to the unborn children of another person, depending on the event of the tenant for life dying without leaving issue. Can this latter circumstance make any difference? We think not, because the first class of children are the primary objects of the devisor’s bounty; and as they have vested remainders in fee, and as their interests, as well as that of the tenant for life, will be promoted by having the land sold and the proceeds invested in other lands, or in stocks or other securities for their use, the Court of Equity is authorized, under the genei’al power conferred by the act to which we have referred, to order a sale. In the new investment, the interests of the second class of executory devisees must be provided for bjr proper limitations, and we think there should be a regular guardian appointed for the infant petitioners before any sale is ordered.
 

 Per Curiam.
 

 Ordered accordingly.