HENRY WILLIAMS *r.* C. B. HASSELL, Adm'r. and others.

Under a devise of 1 nd to A, B and C for life only, with remainder to *such of their children as shoul1 be living at their death,* the land can not be sold for partition,—those taking in remainder not being ascertained. One of the life tenants dies, leaving two children: *Held,* that although they are known, yet their interest is so mixed up with the interests of others in remainder, who are not yet ascertained, and cannot be during the lives of the life tenants, that the same cannot be sold now in any way, or by any person.

(The cases of *Grissom* v. *Parish,* Phil. Eq. 330, and *Watson* v. *Watson,* 3 Jones Eq. 400, cited and approved.)

PETITION filed at this term of the court in behalf of all the parties to the action.

This case was decided at the last term of the court and is reported in 73 N. C. Rep., 174. The petition states: That the principal object of the action, after ascertaining the interest of the legatees in the estate of the testator, was to ascertain whether the defendant, as administrator *de bonis non,* had the right to sell the lands of the testator, and to ascertain how the interest of the defendants, Jessie Stubbs and Harry Stubbs, grand children of the testator, (whose interest in the land had become vested by the death of their mother,) should be sold.

The opinion of the court settles the interest of the respective legatees in the estate of the testator, but does not state how the interest of the Stubbs children should be sold, nor whether the administrator *de bonis non* could convey the lands of the testator.

Therefore in order to save cost to the parties to the cause, the petitioners pray that the court render judgment:

1. Whether under the will of the testator, the defendant has the power as administrator *de bonis non* to sell the real estate of the testator, and particularly the Woodlawn plantation.

2. How the interest of the said Jesse Stubbs and Harry Stubbs may be sold.

3. Whether it is not the duty of the defendant, Hassell under the direction of the said will, to sell the lands in the pleadings mentioned, and to pay over the proceeds to the devisees under said will.

4. For a general construction of the will.

*Mullen & Moore* and *Clark*, for the petitioners.
*Venable* and *Attorney General Hargrove*, contra.

READE, J. This proceeding was originated to obtain the advice of the court as to the construction of the will of Henry Williams, and for a sale of the land devised.

His Honor below declared the rights of the parties and ordered a sale of the land. From which there was an appeal to this court.

At the last term we reviewed the ruling of his Honor as to all the points presented. See same case, 73 N. C. Rep., 174.

At this term a petition is filed in the cause, setting forth " that the principal object, after ascertaining the rights of the devisees, was to ascertain whether Hassell, as administrator *de bonis non*, had the right to sell the land." And that the decision at last term does not cover that enquiry.

The opinion filed at last term declares, that inasmuch as the lands are devised to the first takers for life only, with remainder to *such* of their children as should be living *at their death*, it cannot be ascertained *now* who are to take the remainder, and not being ascertained they cannot be represented or bound by any preceeding, and, therefore, the lands cannot be sold at all. A reasonable inference from this is, that Hassell cannot sell them.

A second inquiry now made is, " How is the interest of Mrs. Stubbs' children to be sold?"

Mrs. Stubbs, one of the first takers, is dead, leaving two chil-

dren, so that here, the remaindermen are ascertained. True; but then their interest is mixed with the interests of persons not ascertained; and therefore they cannot be severed. The lands cannot be sold *now*, in any way by any body. And this was substantially declared in the opinion filed at last term.

In *Grissom* v. *Parrish*, Phil. Eq., 330, the devise was the same as here; and it was held that the children of the first taker had, during the life of the first taker, no interest which could be sold. So in *Watso* v. *Watson*. 3 Jones Eq., 400, there was the same devise and the same decision. That is the leading case in North Carolina. And it is put upon the ground stated at last term, that during the life of the first taker, it was impossible to know who would be the remainder men; and, therefore, they could not be represented or bound. In that case the first taker was unmarried, and, of course, had no children; and he represented, that he could not cultivate the land, and that it would go to waste, if not sold; but still the court refused to order a sale, upon the ground that it had not the power to do so.

We have taken pains to elaborate what we said at last term, and to refer to the precedents, for the satisfaction of the parties.

In *Watson* v. *Watson*, *supra*, there is a dictum which may mislead. In that case there were no children born; and the *dictum* is, that in a case where there are children born, and the devise is to the children as a class, the born children may represent the unborn, the class; and the land may be sold. There is no illustration to show the meaning of the *dictum*, but probably it may be thus illustrated : Suppose in the case before us the devise had been to the first takers for life, remainder to their children ; that would take in all the children, as well those born after the death of the testator as those born before, and in such case it may be that the born children might be allowed to represent the class ; but this is not that case. Here the devise is not to all the children as a class, but

to *such* as should *survive* the first taker.    Will these born children be of that class ?    Who can tell ?    How then can they, as a part of a class, represent the whole, when it may turn out that they are not of the class  and have no interest whatever ?

PER CURIAM.        •                    Judgment accordingly.