. JOHN F. IRVIN et al. *v.* ALEXANDER CLARK et al.

*Pleading—Deed—Burnt and Lost Records—Evidence—Devise— Remainder—Judicial Sale.*

1. An objection to a pleading on the ground that it is vague, or because it does not conform to an order of the Court under which it is filed, should be made at the time of filing, and ought not to be entertained if it is delayed until the action is called for trial.

2. The recitals contained in a deed purporting to have been made by authority of a decree of the Courts, whose records have been destroyed, are *prima facie* evidence of the facts and authority therein set forth.

3. Where it appeared that I. had been appointed guardian of certain infant parties to a suit in Equity, in which certain lands were directed to be sold, and he was authorized and directed to convey their interest ; and it further appeared that he had executed a deed, but bearing a date prior to the said decree, but professing to convey the lands by virtue of it ; *Held*, that it was a question of fact for the jury to determine whether the deed was made in pursuance of the power conferred by the decree, and if so, the discrepancy in the date did not vitiate it.

4. A devise of lands "to remain in possession of my daughter for her life and to descend to her children equally," creates a life estate in the daughter and a remainder in such of her children as are *in esse* at the date of her death.

5. If, however, before her death the lands are sold under the direction of the Courts in a proceeding in which the children *then living* are parties, they represent a class, and a purchaser at such sale will obtain a good title against after-born children of the life tenant.

(*Hare* v. *Hollomon*, 94 N. C., 14; *Simms* v. *Garrot*, 1 D. & B. Eq., 393; *Hawkins* v. *Everett*, 5 Jones Eq., 42; *Fleetwood* v. *Fleetwood*, 2 Dev. Eq., 222; *Sanderlin* v. *Deford*, 2 Jones, 74; *Watson* v. *Watson*, 3 Jones Eq., 400: *Williams* v. *Hassell*, 74 N. C., 434; *Miller, Ex parte*, 90 N. C., 625; *Overman* v. *Sims*, 96 N. C., 451; *Young* v. *Young*, 97 N. C., 132; and *Ex parte Dodd*, Phil. Eq., 97, cited).

This was an action for the recovery of land, tried before *Clark, Judge*, and a jury, at August Term, 1887, of IREDELL Superior Court.

When the case was called for trial, plaintiffs' counsel moved the Court to strike from the amended answer so much thereof as purported to set up an equitable defence, or a demand for equitable relief, on the ground that the same was not pleaded as required in the order made by Judge Montgomery, appearing in the record.

It appeared that this amended answer was filed at February Term, and at that term plaintiffs obtained leave to reply to the same, and that at May Term the case was continued by consent of both parties.

His Honor refused this motion, and plaintiffs excepted.

The land in controversy belonged to one Joseph Byers, who, in the second item of his will, after enumerating other property, devised it in these words: "All of which land  *  *  *  to remain in possession of my said daughter, Margaret N. S. Irvin, and her husband, during their natural lives, and to descend to the children of the said Margaret N. S. Irvin equally."

John F. Irvin, the husband, died in 1871, several years

after the testator, and said Margaret N. S., in March, 1885, leaving four children, who, with the husbands of the daughters, are plaintiffs in this action. Several children died during their mother's life, and without issue, of whom Francis was living in 1846, and he and the plaintiff Martha were the only children who were born previous to the year 1848. To divest title out of those to whom is devised the remainder, the defendants offered in evidence : 1. A deed executed on September 5th, 1846, by Joseph C. Simonton and John F. Irvin, as executors of said testator, Joseph Byers, to defendant Alexander Clark, purporting to convey the tracts therein described, for the sum of twenty-five hundred dollars. 2. A deed from said John F. Irvin and wife to the same, executed on the same day, and for the same consideration, for the same lands. 3. A deed of same date, and for the same sum, from said John F. Irvin to Clark, for the same lands, which is as follows :

"This indenture, made this 5th day of September, 1846, between John F. Irvin, guardian, Francis and Martha A. Irvin, acting under a decree of the Court of Equity of Iredell county, of the one part, and Alexander Clark of the other part, witnesseth : That the said party of the first part, for and in consideration of the sum of twenty-five hundred dollars, the receipt of which is hereby acknowledged, has sold and conveyed, and does sell and convey, all that tract or parcel of land, &c.," (describing it as in the preceding deeds, with covenants of seizin and warranty). "In witness whereof the said party of the first part hath hereunto set his hand and seal, on the day and year above written. John F. Irvin. [Seal]." Attested by two witnesses.

The plaintiffs objected to the admission in evidence of this deed, but the objection was overruled and the deed received, it having been proved by one of the subscribing witnesses.

The defendants examined as witnesses the clerk of the

Court and the former Register of Deeds, who testified to the burning of the court-house and its records since 1847, and that after careful search they had been unable to find any papers relating to the cause mentioned in the amended answer, or any papers relating to the plaintiffs or any of them; but the clerk produced a book which he stated was the docket of the Court of Equity for the year 1846, and for some years prior and subsequent thereto. Certain entries therein, after objection made and overruled, were read, to-wit:

"At Fall Term, 1846.
" J. C. SIMONTON
            v.          } O. B. Answer Filed.
" T. J. and M. A. IRVIN,

" This cause coming on to be heard on the bill and answer, and the report of the clerk and master, it is ordered, adjudged and decreed, that the sale of the lands described in the bill of complaint made by complainants to Alexander Clark, be confirmed, and that the defendants, J. F. Irvin, guardian of Francis J. and Martha A. Irvin, convey the interest of said infants to said Clark, and that said infants, as they come of age respectively, convey to said Clark, or such persons as he may direct. It is ordered, adjudged and decreed, that John F. Irvin be appointed guardian *pendente lite* of Francis J. and Martha A. Irvin."

The plaintiffs objected to the introduction of this entry, for the reason, amongst others, that it did not relate to the suit or proceeding set out in the defendant's answer, and that nothing appeared therein connecting this entry with the subject of this controversy.

His Honor stated that if plaintiffs' counsel would say that they were taken by surprise by the introduction of this entry he would withdraw a juror and make a mistrial. The counsel failed to make such statement. Their objection was overruled, and they excepted.

The defendants then introduced the following entry on said docket at Spring Term, 1847, of the Court:

" Jos. W. SIMONTON      ⎫ Original Bill.
                *v.*            ⎬ Answer Filed.
" T. J. and M. A. IRVIN. ⎭ Decree Filed.

" This cause coming on to be heard on the bill and answer and the report of the clerk and master, it is ordered, adjudged and decreed, that the sale of the land described in complainants' bill, made by complainants to Clark, be confirmed, and that the defendant J. F. Irvin, guardian of Francis J. and Martha A. Irvin, convey the interest of said infants to said Clark, and said infants, as they come of age respectively, convey to said Clark, or such persons as he may direct. It is ordered, adjudged and decreed, that J. F. Irvin be appointed guardian of Francis J. and Martha A. Irvin, infant children of J. F. Irvin."

The plaintiffs also objected to the introduction of this entry. Objection was overruled, and plaintiffs excepted.

The clerk produced another book, which he testified was one of the books of the late Court of Equity, in which was transcribed a copy of the entry first above set forth, and also a certified copy of said entry, which defendants have caused to be registered in the Register's office during this term of the Court.

The plaintiffs objected to these documents. Objection overruled, and plaintiffs excepted.

There was no further testimony in the case.

During the argument, counsel for plaintiffs stated that the second Monday after the fourth Monday in August, 1846, the date of the Superior Court, was the seventh day of September, 1846, and objection being made, the Court said it would take judicial notice that such was the fact.

The plaintiffs asked that instructions be given to the jury in substance:

I. The defendants have failed to show title in themselves, to prevail against those to whom the remainder, now become an estate in possession, is limited under the will of Joseph Byers.

II. There is no connection shown between the deed, purporting to be made under a decree, and the entries on the docket, which were at a time posterior to the date of the deed.

III. If the title of the plaintiff Martha A. has been divested under the proceedings in the Court of Equity, that of the other plaintiffs has not been, they not being *in esse* at the time.

The Court charged the jury (we do not produce in full and only so far as to illustrate the exceptions) as follows:

I. Under the will, the testator's daughter Margaret N. S. took an estate for life with remainder to her children, and the plaintiffs, since her death, are entitled to the possession of the land.

II. The deed purporting to be made by the executors, there being no power given in the will to them to make such conveyance, is inoperative.

III. The deed of Irvin and wife only transferred a life estate, which expired at the latter's death in 1885.

IV. The recital in the deed of John F. Irvin, that in making it he was " acting under a decree of the Court of Equity of Iredell county," is *prima facie* evidence that such decree was regularly made in a cause properly constituted in said Court and authorizing the making such conveyance, the court-house having been burned and its record and papers (most of them) destroyed.

V. The said Francis and the plaintiff Martha A., being shown by the plaintiffs to be the only children of said Margaret N. S. living at the time of the proceeding in the Court of Equity, were representatives of their class, so that the

estate of those afterwards born, as well as their own, passed to the purchaser.

VI. The deed, bearing date prior to the sitting of the Court and registered afterwards, may have been erroneously dated, as the defendants contend, and this is a question of fact for the jury to pass upon.

There was verdict and judgment for the defendants, from which the plaintiffs appealed.

*Messrs. Burwell & Walker* filed a brief for the plaintiffs.
*Mr. C. H. Armfield,* for the defendants.

SMITH, C. J., (after stating the case). We shall not repeat the assignment of errors that follows the charge, for they are embodied in what has been already set out in the foregoing recitals.

I. Exception: The equitable defence is not pleaded as required by the decretal order, and the motion to strike out so much as relates to this defence in the amended answer was denied.

We are not willing to admit the insufficiency of the response to the order, inasmuch as it may not have been practicable to be more specific in regard to the contents of destroyed papers, but an answer to the complaint of the plaintiffs in this regard is, that the objection to the answer should have been made when it was filed, in order to afford the defendants an opportunity to make it, if they could, more definite and certain. Instead of this, it is put in as a compliance with the order at February Term, 1887, when the plaintiffs obtained leave to reply. Another term passes, the cause being continued by consent, and the motion is first made when the cause comes on for trial. Certainly, under these circumstances, the refusal was proper, if indeed the action of the Court was not the exercise of an unreviewable discretion.

II. The second exception is to the introduction of the deed,

puporting to have been made under the direction of the Court.

This objection, as we have recently had occasion to remark, is directed, if it has force, not so much to the admission of the deed, except for irrelevancy, as to the effect to be given to it as a muniment of title.

This and the preserved entries found on the docket are offered as fragmentary parts of an equitable suit, the original papers in which have been burned, which was regularly begun and prosecuted to its termination, in an order for title to the lands of the infants to be made, and made by their guardian, acting as commissioner. The ruling of the Court as to the recitals in the deed and the decretal orders found in the docket, the terms of which show their relations to a single and the same cause, is sustained by the statute. (*The Code,* chap. 8, entitled Burnt and Lost Records §§ 69–70 and 71), and by the decision in *Hare* v. *Hollomon,* 94 N. C., 14, so as not to need further elaboration.

Exceptions to the charge, as well that refused as that given, remain to be considered.

1. Those instructions asked were all properly rejected. The defendants had not failed to show, but by force of the statute had produced *prima facie* proof of the divesting of the estate in remainder and its transfer to the defendant Clark, and no rebutting evidence had been offered to remove the presumption.

There is evidence in the decretal orders of a suit in which, and as its consummation, the deed was executed. They show that a bill was filed and answered, and upon the hearing a decree entered directing the said Irvin to make the deed and convey the interests of the infants in the lands described in the complaint to the purchaser. The variance of this proof from the statements in the amended answer is not such as can be allowed to defeat the action, and the Court, if necessary, would allow such further amendments as would

produce conformity. *The Code,* § 269. It is true that several plaintiffs have been born since those proceedings, but their interests were represented in such of them as were parties. The will lets in all after-born children who fulfil the description at the life-tenant's death—the period fixed for the vesting of their estate in possession. *Simms* v. *Garrot,* 1 D. &. B. Eq., 393; *Hawkins* v. *Everett,* 5 Ired. Eq., 42; *Fleetwood* v. *Fleetwood,* 2 Dev. Eq., 222; *Sanderlin* v. *Deford,* 2 Jo., 74.

If the devise had been to those children *living at the death* of their mother, there would have been a contingent and not a vested interest in either, for until that event occurred it could not be known who would take, and in such case the contingent interest could not be sold by a Court of Equity. *Watson* v. *Watson,* 3 Jones Equity, 400; *Williams* v. *Hassell,* 74 N. C., 434; *Miller Ex parte,* 90 N. C., 625; *Overman* v. *Simo,* 96 N. C., 451; *Young* v. *Young,* 97 N. C., 132.

But when the gift is general, not being confined to survivors, when to take effect, it is otherwise, and by representation, those who may afterwards come into being are concluded by the action of the Court upon those whose interests are vested, but whose possession is in the future.

The distinction is pointed out by BATTLE, J., delivering the opinion in *Ex parte Dodd,* Phil. Eq., 97.

There is no error, and the judgment must be affirmed.

Affirmed.