D. P. HUTCHINSON and Wife, S. W. HUTCHINSON, Executors of
   Mrs. M. A. Brem, and, individually, v. ADELE W. HUTCH-
                           INSON, *et al.*

(Decided May 22, 1900.)

*Petition for Sale for Better Investment—Devise of Contin-
   gent Interest in Remainder—Remaindermen Not in
   Being—Minor Children.*

1. The Court may sell the land of minors for better investment, when
      they are properly represented before the court.   Code, sec. 1602.
2. The Court will act, when all interests are found in classes, if one of
      each class is before the court.
3. But where the devise is to the mother  (S. W. Hutchinson)  for life
      and then to such children as may survive her, she and some of
      the children being alive, some dead, and some now alive, may
      predecease their mother, while others may yet be born, no one
      can say *now* who will take the remainder, and such taker, not
      being known, can not be represented, and no sale can be made
      binding such remainderman.

PETITION for sale of land for more productive investment,
heard before *Allen, J.,* at March Term, 1900, of MECKLEN-
BURG County.

There was a demurrer filed, which was overruled, and peti-
tion allowed.

Defendants excepted and appealed.

The *situation* is described in the opinion.

*Messrs. Jones & Tillett,* for appellants.
*Messrs. Burwell, Walker & Cansler,* for appellees.

FAIRCLOTH, C. J.   David Parks died in 1873, having de-
vised one-half of the residue of his estate to his wife for life
and in remainder to his grandson, D. P. Hutchison, and the

other half of the residue to his said grandson, with power to sell the Brickhouse place and the Silas Orr tract, when he thought best to do so. Prior to August Term, 1891, M. A. Brem became the owner of the interest and estate of the said D. P. Hutchison in the said land, known as the "David Parks place." In 1891, the said M. A. Brem instituted this action against the defendants, who were the only persons *living* and interested in the subject of the action for the sale of said land, the proceeds to be reinvested for their mutual advantage. In 1891, seven and one-tenth acres of the land was sold and title decreed in this action, about which there is now no contention.

In 1893, the said M. A. Brem died, leaving a will, in which she directed as follows: "Item 1. I give, devise and bequeath my entire estate (real and personal) to my daughter, Sarah W. Hutchison, for and during the term of her natural life, and at her death to such child or children as she may have surviving her, and in case any child or children of my said daughter should die leaving child or children, then in that event such child or children shall take the share that their deceased parent would have taken."

D. P. Hutchison and wife, Sarah, were made parties plaintiff, as executor and executrix of Mrs. M. A. Brem's will.

It seems that all the parties now interested desire the sale of the land to be made for better investment. The chief question is, can a court of equity decree a sale with the consent of all interested parties *now* living, of land devised as above stated. We are compelled by authority and just reasoning to answer in the negative.

The power of the Court to sell the land of minors, etc., when they are properly represented before the court, has never been questioned since the Act of 1827, chap. 33, now Code, sec. 1602. But the difficulty in cases like the present is that there is no one in existence upon whom the court can

HUTCHINSON *v.* HUTCHINSON.

act, to protect such contingent interest as may arise in the future. The devise is not to Sarah W. for life, and then to her children, but to *such* children as may survive her. She and some of her children are living, some dead, and others may be born, and some now alive may predecease their mother. So no one can say *now* who will take the remainder, and, such taker not being now known, no one can represent him, and it follows that no sale can be made binding such remainderman.

There are cases in which all interests are found in *classes,* when the court will act if one of each class is before the court. This is allowed because it is the policy of the law and the disposition of the courts to unfetter alienation and give property free circulation.

The question was presented by a similar devise in *Watson v. Watson,* 56 N. C., 400, and the power of the court was denied. That decision has been followed in numerous instances, presenting strictly the same question. *Williams v. Hassell,* 74 N. C., 434; *Justice v. Guion,* 76 N. C., 442; *Ex Parte Miller,* 90 N. C., 625.

The sole ground of the demurrer was that the court, upon the admitted facts, was without authority to decree a sale.

We think the judgment overruling the demurrer was erroneous.

Reversed.