JUNIUS M. SMITH v. W. M. WITTER.

(Filed 28 November, 1917.)

1. **Deeds and Conveyances—Estate—Vested Interests—Contingent Interests.**

Where successive survivors in a deed to land take a defeasible fee therein, with ulterior contingent limitation over in fee simple, the interests of each therein being vested will pass by deed to the extent thereof and subject to the limitations expressed in the deed.

2. **Trusts and Trustees—Deed and Conveyances—Restraint on Alienation— Husband and Wife.**

Where a defeasible fee is conveyed by deed to a trustee for a married woman and her heirs for her sole and separate use, free from the debts of her husband, upon the death of her husband, it is unnecessary for the· trustee to join in her conveyance of the land; and a provision in the deed under which she claims, that she shall not have the power to sell the lands or profits arising therefrom by anticipation or otherwise, is void as an attempted restraint on alienation.

3. **Lunatics — Estates — Contingent Interests — Sales — Equity — Clerks of Court—Jurisdiction—Statutes.**

Revisal, secs. 1896, 1897, does not confer jurisdiction on the clerks of courts to order the sale of contingent interests of lunatics, etc., in lands, nor has section 1798 of the Revisal, relating to estates of infants, this effect; and suits to sell such interests, when the circumstances of the ward require it, should be determined in the Superior Court, in its equitable jurisdiction, which is required to order an investment of the funds in proper instances in accordance with the terms and conditions imposed by the conveyance, in order that the lawful intent of the donor may not be defeated. Revisal, sec. 1590.

4. **Lunatics—Estates—Contingent Interests—Guardian and Ward—Courts— Jurisdiction—Deeds and Conveyances.**

The order of sale by the clerk of the court of contingent interests of a lunatic in lands approved by the judge, in proceedings brought for the purpose, is void for the lack of jurisdiction, and the deed thereto of the guardian conveys nothing to his grantee.

APPEAL by defendant from *Cline, J.,* at the June Term, 1917, of MECKLENBURG.

This is an action to compel the defendant W. M. Witter to perform his contract to buy the property herein below described, for the sum of $5,000, upon the tender of a deed by the plaintiff. The defendant refused to accept the deed on the ground that it did not convey an indefeasible fee-simple title. The court held that the plaintiff was and is able to make to the defendant a fee-simple title according to the tenor of the said contract, and upon the execution of the said deed to the defendant to the foregoing three lots of land that the plaintiff have and recover of the defendant the sum of $5,000 and interest thereon from 25 May, 1917, at 6 per cent until paid, the same being the contract price and the date for the conveyance, and the defendant appealed.

It is admitted that the contract is in due form, and a binding obligation according to its terms upon both parties, and that plaintiff has fully performed same if he is seized of the indefeasible fee-simple title to the property, the question of his title being the sole point in controversy.

The original source of plaintiff's title is a certain deed from Nancy S. Smith to Carrie E. Smith and others, dated 6 April, 1880, which deed was before this Court and construed in the case of *Springs v. Hopkins,* 171 N. C., 486, and the relevant facts affecting the limitations thereof are stated in the report of said case. The lands conveyed by said original deed were sold in proceedings duly brought, and the funds arising from the sale thereof reinvested in the three lots, the title to which is in issue, they being conveyed subject to the limitations of said original deed. It is admitted that the title to said lots is good, subject only to the limitations of said original deed above referred to.

W. Mc. Smith, Carrie E. Smith, and the husband of Elizabeth Jane Lee are dead.

W. Bernard Smith died in infancy during the lifetime of his parents, and at their death the children surviving them were Lillian Smith, Junius Smith, and Julia E. Smith, the last named being insane.

Anna B. Lee died unmarried and without issue, leaving surviving her mother, Elizabeth Jane Lee, and her brother, B. Rush Lee. The husband of Elizabeth Jane Lee was dead at the time she executed the deed to the plaintiff.

B. Rush Lee and Elizabeth Jane Lee, the ultimate remaindermen mentioned in the original deed, conveyed all their right, title and interest, present and future, vested and contingent, etc., in the lands in question to Lillian S. Springs.

Lillian S. Springs (her husband joining) then conveyed to plaintiff Junius M. Smith all her title, interest and estate, present, future, vested, contingent, etc., including both her defeasible one-third and the interests

of the ultimate remaindermen, leaving only one-third defeasible interest of Julia E. Smith outstanding.

Julia E. Smith is *non compos mentis,* suffering from what is said to be an incurable mental malady. Her one-third defeasible interest in said property constitutes her whole estate, and as the property is in bad repair and will produce no income in excess of carrying charges, she is wholly dependent on the bounty of her family and the State and in debt for necessaries furnished for her proper care and maintenance. Her duly appointed guardian, acting under orders of the court, conveyed to plaintiff Junius M. Smith all of the right, title, interest and estate, present, future, contingent, vested, etc., of said Julia E. Smith in and to the property in question.

*Charles S. Glasgow and Clarkson, Taliaferro & Clarkson for plaintiff.*
*Hunter Marshall, Jr., for defendant.*

ALLEN, J. The deed under which the plaintiff claims was considered in *Springs v. Hopkins,* 171 N. C., 488, and it was there held that the children of W. Mc. Smith and wife, who survived their parents, to-wit, Lillian Smith, Junius Smith, and Julia E. Smith, took an estate in fee with the right of successive survivorships, defeasible upon the death of said children without issue, and in that event over to Anna B. Lee and B. Rush Lee and to the survivor of them in fee, defeasible upon the death of both without issue, in which last event the title would pass to W. H. Bailey in trust for the sole and separate use of Elizabeth Jane Lee in fee.

The attempt to prevent Elizabeth Jane Lee from conveying her interest in the property described is void as a restraint on alienation (*Trust Co. v. Nicholson,* 162 N. C., 263.), and as her deed to the plaintiff was executed after the death of her husband, it was not necessary for the trustee to join in the conveyance. *Cameron v. Hicks,* 141 N. C., 21. It is also established that contingent interests, such as those before us, will pass by deed. *Kornegay v. Miller,* 137 N. C., 659; *Beacom v. Amos,* 161 N. C., 357; *Hobgood v. Hobgood,* 169 N. C., 490; *Scott v. Henderson,* 169 N. C., 661.

It follows, therefore, as the plaintiff holds deeds from all who have any interest or title, contingent or otherwise, that he has an indefeasible title, if the deed from the guardian, purporting to convey the interest of his ward, a lunatic, is valid.

This deed was executed under the authority of an *ex parte* proceeding commenced before the clerk of the Superior Court. The orders and judgments were approved by a judge of the Superior Court, but there was no appeal, taking the proceeding to the Superior Court, nor does it

appear that any order or judgment was made or approved in term. It also appears from the proceeding that it was not brought for the purpose of selling the land, but only the interest of the lunatic therein, and there is neither prayer in the petition nor provision in the decree for a reinvestment of the proceeds of sale. The proceeding was not instituted under the act of 1903 and 1905 (now Revisal, sec. 1590) providing for the sale of certain contingent interests.

"By the common law, as well as by statute, 17 Edward II., chap. 10, which was only declaratory of the common law, the King, as *parens patriæ,* took charge of the effects of a lunatic and held them, *first,* for the maintenance of him and his family, and, *second,* for the benefit of his own creditors, as the Court of Chancery might order from time to time. Shelford on Lunatics, pp. 12, 356, 498; Bac. Abr., title, *Lunatics,* c.

"Thus in England, by the grant of the King, the Court of Chancery acquired exclusive, original and final jurisdiction over the person and property of lunatics. Our courts of equity in this State succeed to these chancery powers, and still retain them, except in so far as and to the extent only as they have been given to other courts by statute." *Blake v. Respass,* 77 N. C., 195.

The statutes relied on by the plaintiffs to confer jurisdiction on the clerk (Revisal, secs. 1896, 1897) bear substantially the same relation to the estates of lunatics that section 1798 does to the estates of infants, and neither purports to deal with other than vested interests. Indeed, if the statutes referred to go to the extent claimed by the plaintiff, the acts of 1903 and 1905, which were adopted after long discussion, were unnecessary, and the debate as to the power of courts of equity to sell contingent interests, which has prevailed since the case of *Watson v. Watson,* 56 N. C., 400, vain and useless.

The whole question of the jurisdiction to sell contingent interests was elaborately discussed and the authorities reviewed in *Springs v. Scott,* 132 N. C., 551, and the Court says in conclusion: "Upon careful examination of the cases in our own Reports and those of other States, we are of opinion:

"1. That without regard to the act of 1903, the Court has the power to order the sale of real estate limited to a tenant for life, with remainder to children or issue, upon failure thereof, over to persons, all or some of whom are *in esse,* when one of the class being first in remainder after the expiration of the life estate is *in esse* and a party to the proceeding to represent the class, and that upon decree passed, and sale and title made pursuant thereto, the purchaser acquires a perfect title as against all persons *in esse* or *in posse.*

"2. That when the estate is vested in a trustee to preserve contingent remainders and limitations, the Court may, upon petition of the life

tenant and the trustee, with such of the remaindermen as may be *in esse,* proceed to order the sale and bind all persons either *in esse* or *in posse.*

"3. That since the act of 1903, chap. 99, the court has the power, when there is a vested interest in real estate and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, to order the sale by conforming to the procedure prescribed by the act.

"4. That the act is constitutional and applies to estates created prior to its enactment."

The Court also says in the first part of the opinion, on page 551, "To the suggestion that this proceeding invoking the equitable powers of the Court, should have been instituted in the Superior Court in term, in which we concur," and adds, after the enumeration of its conclusions, "Of course, in each of the classes named, the decree must provide for the investment of the fund in such way as the Court may deem best for the protection of all persons who have or may have remote or contingent interests."

The case has been approved in *Hodges v. Lipscomb,* 133 N. C., 202; *Smith v. Gudger,* 133 N. C., 627; *McAfee v. Green,* 143 N. C., 415; *Trust Co. v. Nicholson,* 162 N. C., 263; *O'Hagan v. Johnson,* 163 N. C., 197; *Bullock v. Oil Co.,* 165 N. C., 67. And in the *Smith case* the Court says: "We think, however, that the plaintiff erroneously brought this proceeding before the clerk. It is not a special proceeding for partition, but an equitable proceeding for the sale of property and reinvestment of the proceeds formerly cognizable in a court of equity, as set out in *Watson v. Watson,* 56 N. C., 400. We do not think that this equitable power is conferred upon the clerk."

Provision is also made in the several cases for a reinvestment of the funds, which could not be done if the courts permitted a sale of a contingent interest in land, which has been attempted in the proceeding under which the guardian has acted, and not the land itself.

It is desirable that estates shall be unfettered and in the channels of commerce, but as long as the owner is within the law, the courts have no power to thwart his purpose, and divert his property contrary to his intention, which would be the result if a contingent interest, which might become vested as to the entire property, under the scheme worked out by the owner, could be sold without provision being made for a reinvestment.

Under the deed before us, the owner intended that the lunatic should own the whole of the land in a certain contingency, and it is proposed under the special proceeding to make this impossible.

We are, therefore, of opinion that the clerk was without jurisdiction; that if the proceeding had been in the Superior Court the decree ought

to have provided for a reinvestment of the proceeds of sale; that the deed of the guardian passed nothing to the plaintiff, and that his title is not an indefeasible title in fee.

Reversed.