HUGH BEAM, ADMR., v. J. CECIL GILKEY ET AL.

(Filed 31 October, 1945.)

**1. Estates § 9a: Wills § 33c—**

By a devise to a woman for her natural life, remainder in fee to the children of the devisee, with subsequent provision that, in case devisee should die leaving no child, or children, or child of any such children, the devise should go to another, a life estate passes under the will to such devisee and remainder in fee vests immediately in the children of life tenant who are *in esse,* subject to open and make room for any after-born child or children, with ultimate limitation over in case the life tenant should die leaving no issue. Such remainder vests subject only to a contingency affecting the *quantum* of the children's interest, but not the quality of their estate.

**2. Same—**

The vested character of a remainder created by will is unaffected by a direction in the will that the property be equally divided among the remaindermen when they become of age, after the death of the life tenant.

**3. Wills § 35: Deeds § 16—**

Restraint on alienation, in a devise by will, is void.

**4. Estates § 11—**

In a suit to sell lands by life tenant against remaindermen, where remaindermen come in by counsel and join in the plaintiff's prayer for relief, this makes it for all practical purposes an *ex parte* proceeding.

**5. Estates §§ 11, 12—**

A court of equity is empowered to order a sale of realty, upon application of the life tenant and the remaindermen, life tenant's children *in esse,* who represent the entire class of remaindermen, including children *in posse,* and to conclude all of the same class then before the court. It is likewise in the discretion of such court to determine whether the sale shall be public or private.

**6. Estates §§ 11, 14—**

In a suit, before a court of general equity jurisdiction, brought by the life tenant against the vested remaindermen, to sell the lands, failure to bring in those having a contingent interest, based on the death of the life tenant without issue, is not fatal after the death of the life tenant leaving issue. Such a proceeding is not under C. S., 1744, 1745 (see G. S., 41-11, 41-12). When the purchaser pays his bid into court, he is relieved from any further responsibility.

**7. Estates § 11—**

The presence of a minor son of a vested remainderman as a party, in a suit for sale of the property brought by a life tenant against all remaindermen, is mere surplusage and harmless. The minor had no interest in the property then and has none now.

**8. Appeal and Error § 29—**

Exceptions in the record, not set out in appellant's brief or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

**9. Estates § 14—**

On hearing in 1945 motions in the cause to vacate the order of sale of realty and judgment of confirmation made in 1922, where the court found that defendants appearing of record had been duly served with summons; that they filed answer through counsel and joined in the request for an order of sale; that full value was paid for the property at the time, and that the purchaser has since erected valuable improvements thereon, in the absence of compelling reasons to the contrary there was no error in refusing to vacate the order of sale and judgment of confirmation.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by movents from *Armstrong, J.,* at July Term, 1945, of McDOWELL.

Motions in the cause to vacate order of sale and judgment of confirmation entered at the September Term, 1922, of McDowell.

It appears that on 31 August, 1922, Sallie E. Gilkey brought this action in the Superior Court of McDowell County, seeking authority to sell, by order of court and at private sale, a business lot in the town of Marion. The summons is entitled "Sallie Gilkey, Plaintiff, against J. Cecil Gilkey, Lois Gilkey, Eurene Gilkey and J. Cecil Gilkey, Jr., by his guardian *ad litem,* J. Cecil Gilkey, Defendants." The sheriff's return shows service of summons and complaint on all the defendants named therein.

The complaint alleges:

1. That the plaintiff is the owner of a life estate in certain town lots (description not in dispute); that the income therefrom is insufficient to meet paving charges, taxes, and support plaintiff.

2. That plaintiff's children, J. Cecil Gilkey, Lois Gilkey and Eurene Gilkey, defendants herein, are all of age and are the remaindermen or owners of said property after the life estate of the plaintiff as described in the will of George W. Seagle.

3. That plaintiff is desirous of selling said property; that J. D. Blanton has offered $200 per front foot for said lot, which is a full, fair and ample price for same.

4. That a sale be ordered and plaintiff's life estate be paid to her out of the proceeds, "and that the remainder be paid into the clerk's office, to be held under the direction of this court, for the benefit of the remaindermen as though it were real estate, to be disposed of according to the terms of the will of G. W. Seagle."

5. That D. E. Hudgins be appointed commissioner to execute deed to J. D. Blanton . . . that a guardian *ad litem* be appointed for J. Cecil Gilkey, Jr., who is a minor under two years of age, and grandson of the plaintiff; that J. Cecil Gilkey is his father and a suitable person to be appointed guardian *ad litem*.

Wherefore, plaintiff prays that the lot be sold to J. D. Blanton at private sale; that plaintiff's life estate be paid to her, and that the remainder be dealt with "as per the will of Capt. G. W. Seagle."

An answer was filed by C. C. Lisenbee, attorney for the defendants, admitting the allegations of the complaint and joining in the prayer for relief. A consent order of sale was entered, apparently without investigation on the part of the court, deed was executed, and judgment of confirmation was rendered all at the September Term, 1922.

Thereafter, on 14 March, 1931, J. Cecil Gilkey died; his son, J. Cecil Gilkey, Jr., became of age in 1942, and Sallie E. Gilkey died 28 March, 1945.

On 13 April, 1945, Eurene Gilkey and Lois Gilkey filed motion herein to vacate the order of sale and the judgment of confirmation on the ground that they were never served with summons and never appeared in said cause by counsel or otherwise.

On 11 May, 1945, J. Cecil Gilkey, Jr., filed motion herein to vacate order of sale and judgment of confirmation on the ground that they were not binding on him.

The grantee in the commissioner's deed, J. D. Blanton, came in as respondent and resisted the motions. Hugh Beam, administrator of Sallie E. Gilkey, deceased, was substituted as party plaintiff.

On the hearing of the motions, it was made to appear that title to the property was derived from the will of G. W. Seagle, which was duly probated in McDowell County, 7 June, 1919. In the first clause of the will, the property is devised to the testator's daughter, Sallie E. Gilkey, "for

and during the term of her natural life, remainder in fee to the children of the said Sallie E. Gilkey." The will also contains an additional and subsequent provision as follows: "My will is that after the death of my said daughter, Sallie, that the property hereby given to her be equally divided among her children, share and share alike, when they become of lawful age, and after the death of their mother, without selling any of said property; and if my said daughter, Sallie, shall die leaving no child or children, or child of any such children, then in that event the property bequeathed to her shall go to her sister Evelyn E. Halliburton and her children."

The court found that summons and complaint were duly served on all the defendants herein; that C. C. Lisenbee, a member of the McDowell County Bar, was employed to represent the defendants; that he filed answer and consented to the order of sale; that the respondent, J. D. Blanton, was a *bona fide* purchaser for value without notice of any defects in the proceeding; that deed was executed, money paid and distributed; that the purchaser went into possession and has erected valuable improvements on the property, and that the title thereto ought not to be disturbed.

The motions were therefore denied, and J. D. Blanton was "adjudged to be the owner in fee simple of the land described in the complaint and in the deed executed to him by D. E. Hudgins, commissioner in this action, free and clear from any adverse claims on the part of Lois Gilkey, Eurene Gilkey and J. Cecil Gilkey, Jr." Exception.

From the foregoing determination, the movents appeal, assigning errors.

*J. M. Horner, Smathers & Meekins, and Hilker & Dennis for movents, appellants.*

*Proctor & Dameron and S. J. Ervin, Jr., for J. D. Blanton, respondent, appellee.*

STACY, C. J. We have here motions in the cause to vacate order of sale and judgment of confirmation entered in a proceeding brought to sell land discharged of contingent interests. *Ex Parte Dodd,* 62 N. C., 97; McIntosh on Procedure, 1071. The life tenant, her children as remaindermen, and a grandchild were made parties to the proceeding.

The complaint contains allegation of a present vested interest in the property, but none of any contingent interest which is sought to be discharged by a sale. However, looking at the will of G. W. Seagle, to which reference is made in the complaint, it appears that the property was devised to the plaintiff, Sallie E. Gilkey, "for and during the term of her natural life, remainder in fee to the children of the said Sallie E.

Gilkey," with later and subsequent provision that in case Sallie E. Gilkey should die "leaving no child or children. or child of any such children," the property is to go to her sister, Evelyn E. Halliburton and her children.

The plaintiff, therefore, acquired a life estate in the property under her father's will. *McCallum v. McCallum,* 167 N. C., 310, 83 S. E., 250. The remainder in fee vested immediately in her children who were living at-the death of the testator, subject to open and make room for any after-born child or children, with ultimate limitation over in case the life tenant should die leaving no child or chldren or child of any such children. *Lumber Co. v. Herrington,* 183 N. C., 85, 110 S. E., 656; *Powell v. Powell,* 168 N. C., 561, 84 S. E., 860; *Walker v. Johnston,* 70 N. C., 576; *Chambers v. Payne,* 59 N. C., 276; *Mason v. White,* 53 N. C., 421; 31 C. J. S., 92; 33 Am. Jur., 543 and 595. "The remainder is vested in the children of the life tenant who are *in esse,* and their interest is subject only to a contingency affecting the *quantum* of their interest, but not the quality of the estate taken by them." *Deem v. Miller,* 303 Ill., 240, 135 N. E., 396, 25 A. L. R., 766. Nor was the vested character of the remainder affected by the direction that the property be equally divided among the children of the life tenant, "when they become of lawful age, and after the death of their mother." *Vanhook v. Vanhook,* 21 N. C., 589; *Johnson v. Baker,* 7 N. C., 318; 33 Am. Jur., 574. The suggested restraint on alienation is of course of no avail. It is void. *Williams v. McPherson,* 216 N. C., 565, 5 S. E. (2d), 830; *Trust Co. v. Nicholson,* 162 N. C., 257, 78 S. E., 152; *Wool v. Fleetwood,* 136 N. C., 460, 48 S. E., 758, 67 L. R. A., 444.

It is to be noted that the children *in esse* of the life tenant, remainder-men in interest, came in by counsel and joined in the prayer for relief. Hence, for all practical purposes, this made it an *ex parte* proceeding, with the life tenant and her children, first in remainder, asking for a sale of the property. The court of equity was thereupon empowered to order a sale upon application of the life tenant and her children *in esse* who represented this entire class of remaindermen, including children *in posse,* and to conclude all of the same class then before the court. *Yancey's Case,* 124 N. C., 151, 32 S. E., 491; 70 Am. St. Rep., 577; *Branch v. Griffin,* 99 N. C., 173, 5 S. E., 393, 398; *Irvin v. Clark,* 98 N. C., 437, 4 S. E., 30; *Williams v. Hassell,* 74 N. C., 434. See *Perry v. Bassenger,* 219 N. C., 838, 15 S. E. (2d), 365; *Anderson v. Wilkins,* 142 N. C., 153, 55 S. E., 272. It was likewise in the discretion of the court to determine whether the sale should be private or public. *Thompson v. Rospigliosi,* 162 N. C., 145, 77 S. E., 113.

If it be conceded that the order of court did not discharge the contingent interest of Evelyn E. Halliburton and her children in the prop-

erty, because they were not made parties to the proceeding, *Butler v. Winston,* 223 N. C., 421, 27 S. E. (2d), 124, this circumstance now appears unimportant as the interest has been extinguished by subsequent events. The contingency upon which this ulterior limitation was to take effect never happened. The life tenant died leaving children and a grandchild.

It is the position of movents, however, that 'all persons "who may in any contingency become interested in said land" (C. S., 1744) were necessary parties to the proceeding, and that the failure to bring in Evelyn E. Halliburton and her children was a fatal omission. *Hutchison v. Hutchison,* 126 N. C., 671, 36 S. E., 149; *Whitesides v. Cooper,* 115 N. C., 570, 20 S. E., 295; *Watson v. U. S.,* 34 F. Supp., 777. This contention overlooks the fact that the proceeding was within the general equity jurisdiction of the court, *Branch v. Griffin, supra; Ex Parte Dodd, supra,* and it was not confined to the provisions of C. S., 1744 and 1745, the statutes then in effect relating to the sale of property affected with contingent interests. *Butler v. Winston, supra; Lide v. Wells,* 190 N. C., 37, 128 S. E., 477; *Pendleton v. Williams,* 175 N. C., 248, 95 S. E., 500; *Smith v. Witter,* 174 N. C., 616, 94 S. E., 402; *Bullock v. Oil Co.,* 165 N. C., 63, 80 S. E., 972; *Trust Co. v. Nicholson, supra; Springs v. Scott,* 132 N. C., 548, 44 S. E., 116. The proceeding is not so defective as to render it void. *Smith v. Gudger,* 133 N. C., 627, 45 S. E., 955; *Hodges v. Lipscomb,* 133 N. C., 199, 45 S. E., 556. When the purchaser paid his bid into court, or to its officer duly authorized to receive it, he was relieved of any further responsibility in connection with the interest then being sold. *Perry v. Bassenger, supra; McLean v. Caldwell,* 178 N. C., 424, 100 S. E., 888; *Dawson v. Wood,* 177 N. C., 158, 98 S. E., 459. The cases of *Hutchison v. Hutchison, supra,* and *Whitesides v. Cooper, supra,* cited by movents, are inapposite, or uncontrolling, as they deal with contingent, rather than vested, interests first in remainder after the expiration of the life estate. See *Middleton v. Rigsbee,* 179 N. C., 437, 102 S. E., 780.

The plaintiff's grandson, J. Cecil Gilkey, Jr., took nothing under his great grandfather's will. *Lee v. Baird,* 132 N. C., 755, 44 S. E., 605. His interest in the property, if any he had, was a possible inheritance from his father. *Allen v. Parker,* 187 N. C., 376, 121 S. E., 665; 69 C. J., 641; 33 Am. Jur., 543. He had no testamentary interest to foreclose and his presence in the suit was mere surplusage. Hence, the irregularity of entering a consent judgment against a minor without investigation and approval of the court, *Wyatt v. Berry,* 205 N. C., 118, 170 S. E., 131, may be disregarded. The minor had no interest to protect then and he has no interest in the property now.

The exception addressed to the adjudication of respondent's title as being in excess of the motions, or beyond the inquiry, is not discussed in appellants' brief. It is therefore deemed abandoned. *Troilino v. Goodman, ante,* 406. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rule 28, Rules of Practice, 221 N. C., 562.

On the hearing of the motions, the court found that the defendants appearing of record had been duly served with summons; that they filed answer through counsel and joined in the request for an order of sale; that full value was paid for the property at the time, and that the purchaser has since erected valuable improvements thereon.

On these findings, and in the absence of compelling reasons to the contrary, we cannot say there was error in refusing to vacate the order of sale and judgment of confirmation entered at the September Term, 1922, McDowell Superior Court. *Ipock v. Bank,* 206 N. C., 791, 175 S. E., 127.

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.