Gastow, Judge,
 

 after stating the case as above, proceeded as follows;
 

 It is plain we think that the “ home ” mentioned in the will is that household of which the testator was the head while living, and the government whereof he committed to his wife upon his death. We think also that the clause whereby the whole of his estate is left to her, must be interpreted as vesting her with the disposition of such part of its
 
 income
 
 .during the period she remains head of the family, as is necessary for the benefit of the members that compose it. As to .his sons it is obvious that the testator did not contemplate them as continuing members of the family after reaching full age, and that he provided for an anticipation of their portion in case of leaving home at an earlier day. It is not so certain what he contemplated with respect to his daughters on their attaining full age. Whether he took it for granted that they would cease to be members of the family, or meant to leave them the option of still continuing such if they pleased. But the provision that his children shall be maintained, is expressly limited to the period during which they shall remain at home. When emancipated from its restraints they are no longer entitled to this privilege,
 

 The dissent of the wife has necessarily broken in upon some of the arrangements in the- will. But- as the consequence of that dissent was but to obtain for her a provision
 
 addition
 
 to what was given in the will, it cannot have the effect of changing the dispositions for the nurture, care and education of the children. All of the profits of the fund not wanted for this purpose must accumulate and fall into it, until the period of .division arises.
 

 
 *13
 
 The bill is dismissed — but it is a hard case, and is therefore dismissed without costs.
 

 Per Curiam. Bill dismissed.