Petitioners, as legatees, devisees, and beneficiaries named in the last will and testament of M. J. Mears, deceased, have brought this action against the defendants, trustees named in said will, praying a judgment and decree construing said will and determining the interests of the petitioners thereunder. They further pray that the court decree that the trust estate created by the provisions of the said will be declared at an end and that defendants be discharged as trustees under said will; that an offer made in writing by W. J. Hampton of $8,000 for the vacant lot described in the will be accepted and that an order be made for the conveyance of said lot to said Hampton upon payment of said sum, and that a sufficient amount at least of the vacant lot described as part of the hotel property be sold to raise funds with which to pay off and discharge certain street assessments levied by the town of Canton against said property, and that the remainder of said fund, together with the money derived from the sale of the vacant lot, be invested under the orders of the court.
Defendants, as trustees, filed an answer in which they aver that their only interest in the matters set forth in the petition arises from their desire to perform their duties as such trustees, and pray the court to advise them as to their powers and duties under the will of their testator.
Upon the hearing the court found the facts and rendered judgment and decree thereon. Respondents excepted to the judgment and appealed to the Supreme Court. Assignments of error are stated and discussed in the opinion below.
M. J. Mears died in Haywood County on 8 December, 1920. A paper-writing, copy of which is attached to the petition, was duly probated as his last will and testament and recorded in the office of the clerk of the Superior Court of Haywood County. *Page 39 
The first item of said will is as follows: "It is my will and desire that all my real and personal property which I may own at my death shall be held and disposed of by my trustee hereinafter named and in the manner hereinafter set out." In the next item he constitutes and appoints "my trusted friend, R. M. Wells, of the city of Asheville, N.C. trustee, to hold and control and to do everything necessary in and about certain of my real estate hereinafter described for a term of fifteen years from the date of my death, for the use and benefit of my son, Lawrence K. Mears, and my daughter, Mrs. Zennie Lide, and their children or grandchildren, in the event of their death as hereinafter more fully set forth." This will is dated 25 May, 1917. In a codicil dated 25 September, 1919, he appoints his "beloved son, Lawrence K. Mears, as one of my trustees, to aid my other trustee named in the will in the management of the property in said will bequeathed and devised."
Specific reference is made in the will to certain lots of land situate in the town of Canton; specific directions are given to the trustees as to these lots. Item VIII is in the following words: "That my said trustees from any and all moneys derived from the sale of my property belonging to me at the time of my death are authorized and directed to invest the same in North Carolina bonds or United States bonds, at the best rate of interest possible, and the net proceeds arising from said bonds (in way of interest) shall be disposed of and distributed in the manner set out in paragraph three hereof." In item III testator directs that the net proceeds of all sums collected as rent for his lots be divided equally between his son and daughter and paid by the trustee to them, as directed therein. Item XI is as follows: "That this trust shall remain in force and effect for sixty (changed to twenty by the codicil) years from the date of my death, at which time my said estate shall be equally divided between the heirs of my children, and they shall receive all of my property, both real, personal, and mixed, per stirpes."
The first paragraph of the judgment signed by Judge Finley is as follows:
"That a trust estate in all the property, both real and personal, of the testator, except such property as was mentioned in paragraph V of said last will and testament, was created by the last will and testament of M. J. Mears, deceased, and that R. M. Wells and L. K. Mears were appointed trustees of said estate by the terms of said last will and testament for a term of fifteen years."
Defendants except for that his Honor should have adjudged that said trust estate was created for a period of twenty years, as appears from item XI, as modified by the codicil, paragraph III. Appellants' first *Page 40 
assignment of error is based upon this exception. It is conceded by plaintiffs that this assignment of error should be sustained. By the express provisions of said item XI, the trust shall continue for and expire at the end of twenty years. The judgment should be modified in accordance with this holding.
By item VII of his will the testator authorizes and directs his trustees to lease to his daughter, Mrs. Zennie Lide, the "hotel in which he lived at the date of the execution of the will, together with the grounds or lands adjacent thereto, so long as the same remains unsold by said trustees, for which no charges shall be made to my said daughter, except that she shall from time to time keep the said building and grounds on which said hotel is situate in good repair, pay the taxes and assessments on the same, and pay the fire insurance premiums and all other necessary expenses to keep said building and lot in as good repair as it is at present." "In event my said daughter shall fail to make said repairs, etc., above set out, then my trustees are ordered and directed, in their discretion, to terminate said lease and rent said hotel and grounds at the best rental, and the proceeds derived therefrom to be divided as hereinafter set out in paragraph 8 of this will." The above provisions of this item are changed by paragraph 4 of the codicil to the extent that the said daughter is relieved of payment of assessments, and required to pay only taxes, premiums for insurance, and repairs; it is therein further provided that in the event she does not wish to occupy said hotel and grounds, the trustees are authorized to lease the same, in accordance with the provisions of said codicil.
Paragraph 3 of the judgment is as follows: "It is further adjudged by the court that Mrs. Zennie Lide had a right to use and occupy the said hotel without paying rent and upon condition that she pay the taxes, insurance and repairs upon the building, and that she preserve and maintain the hotel property; and it appearing to the court that Mrs. Zennie Lide, with the acquiescence of the trustees, has temporarily moved away from the hotel and placed the management of the same in other hands, it is, therefore, ordered and adjudged that Mrs. Zennie Lide has not forfeited her right to use and occupy the hotel property by permitting the same to be occupied by others, and that she may hereafter, with the permission of the trustees, continue to allow others to occupy said hotel property and receive the rents therefrom, from which rents and other sources she shall keep the said property in repair and pay the taxes and insurance on said property."
Defendants except to this paragraph of the judgment, contending that under the will Mrs. Lide forfeited all interest in the hotel property when she ceased to occupy the same in person, and that thereafter the *Page 41 
trustees were entitled to the rents from the same, to be distributed as income from other property in their hands. The second assignment of error is based upon this exception.
This contention is not sustained by Manning v. Woff, 22 N.C. 11. In that case provision was made by the testator for his widow and his children while the children remained "at home." It was held that plaintiff, having left home to live with a married sister, was not entitled to an allowance from the estate for her support. The purpose of the testator was to enable his widow to maintain a "household." No such purpose on the part of the testator in this case is to be gathered from his will. It was his purpose that his daughter should enjoy the use and benefits accruing from the hotel property so long as she found that same was sufficient to compensate her for the burdens imposed upon her with respect to said property. The testator must have contemplated that she might desire to use this property for the purpose for which it was designed — to wit, a hotel — and it could make no difference that she leased it rather than operate it herself. It cannot be held that personal occupancy of the property upon the facts in this case was a condition upon which her rights therein under the will were dependent. Johnson v. Gooch, 116 N.C. 65, is, therefore, not applicable. See Black's Law Dictionary, word "occupancy" and note.
So long as Mrs. Lide is content to bear the burdens imposed upon her with respect to said hotel property, she is entitled to the use and benefit of the same, whether she occupy the buildings and land adjacent thereto in person or by another. This right is subject, however, to such power as the trustees have under the will, or such power as a court of competent jurisdiction has to sell the property. The assignment of error is not sustained.
In the event that she shall forfeit her rights to occupy said hotel property by failure to pay taxes, insurance, or repairs, or in the event she shall no longer wish to occupy the same, then the trustees are empowered to lease the same upon the conditions set out in the will and codicil. The power to lease does not affect such power to sell as the trustees have under the will. Mrs. Lide's right to occupy the property is not dependent upon the acquiescence of the trustees, so long as she complies with all the conditions upon which such rights are made to depend, and the trustees do not, in their discretion, exercise such powers to sell as they have under the will. This seems to be the clear purpose of the testator.
By their third, fourth, and fifth assignments of error, based upon exceptions to the judgment, the trustees present to this Court the questions as to their power under the will to sell and the power of the *Page 42 
Superior Court to order the sale of the lands or any part of the same now constituting a part of the estate of the testator and in their hands and subject to their control.
These lands are (1) the hotel property, being the lot on which the hotel is located and some five or six acres of land adjacent thereto; (2) the vacant lot on Main Street, and (3) the two lots on which are located the brick store buildings described in the will as "part of what is known as my hotel property," all situate near the center of the town of Canton, N.C.
The powers of the trustees with respect to these lots are those conferred by the will and the codicil thereto, by which certain provisions of the will are changed or altered. The power to sell each of these lots is expressly given to the trustees, but subject to certain limitations as to the time within which the power must be exercised with respect to certain of the lots. They have no power to sell, except that conferred by or derived from the will, and the limitations upon this power imposed by the testator in his will must be observed by the trustees. Thompson v. PowerCo., 154 N.C. 13, and authorities cited in the opinion of JusticeManning.
The trustees are authorized by item II of the will "to hold and control and to do everything necessary in and about" said property for a term of fifteen years. Under item III of the will, as changed by paragraph 1 of the codicil, they are directed expressly to take charge of and control over the two brick store lots, and are authorized to sell same "on or before ten years after my death." The provision in the will that they should not be sold by the heirs or trustees "for a term of fifteen years" is changed by the codicil, which authorizes a sale by the trustees of the "store building mentioned in paragraph 3 of my said will in or before ten years after my death." The trustees have, therefore, the present power to sell in their discretion the lots on which are located the two brick store buildings, the proceeds of such sale as may be made to be invested and the income therefrom to be distributed in accordance with the provisions of the will and codicil.
By item III the testator directs that the vacant lot shall not be sold, conveyed, or disposed of by his heirs or trustees for a term of fifteen years from the date of his death. The codicil makes no change in item III with respect to this lot. We cannot approve the finding that this lot was inadvertently omitted from paragraph 1 of the codicil. The trustees, therefore, have no present power to sell the vacant lot.
By item VI the trustees are authorized to sell the hotel property, except such portion thereof as is mentioned in item III (i.e., the lots on which the brick stores are located, which they were subsequently authorized by the codicil to sell), to any purchaser or purchasers at *Page 43 
such time as in the discretion of the trustees may seem right and proper. By paragraph 4 of the codicil it is provided that "my executor may sell the same (i.e., the said hotel property) within two years after my death." While the executor and one of the trustees is the same person, this provision in the codicil cannot be held to change or alter the provision in the will by which the trustees are given power to sell said property. The trustees is named in item II and the executor in item XII of the will. In the codicil the testator appoints his son as one of the trustees to aid the trustee named in the will in the management of the property. He is not appointed as an executor. The testator evidently had in mind the clear distinction between the powers and duties which he was conferring and imposing upon his trustees and those to be exercised and performed by his executor. The executor might have sold the hotel property within two years after the death of the testator; the trustees may now sell the said property at any time in their discretion and invest the proceeds as directed by the testator in his will.
We, therefore, hold that the trustees now have the power to sell and convey, in their discretion, both the lots on which the store buildings are located and the hotel property. This power is expressly conferred by the testator upon them, one of whom he refers to as his "trusted friend" and the other as his "beloved son." There is no finding and no suggestion that the trustees have acted or are acting in bad faith in not selling said property. Without such finding, the court has no jurisdiction to order a sale or to control the trustees with respect to the exercise of the powers conferred upon them by the testator. Baker v. McAden, 118 N.C. 741;Hinton v. Hinton, 68 N.C. 99.
The trustees have no present power to sell the vacant lot. Under the will, neither they nor the heirs of the testator can sell this lot until the expiration of fifteen years from the death of the testator. At the expiration of twenty years the trust estate, which includes this lot, shall terminate, and this lot as part of said estate will be included in the division between the "heirs" of the children of the testator, who will takeper stirpes.
Has the Superior Court the power to order a sale of this vacant lot upon the facts found by the court and the investment of the proceeds of the sale in accordance with the provisions of item VIII of the will?
This proceeding in which the order for the sale of the said lot has been made was not instituted and has not been conducted in accordance with C. S., 1744. The power of sale has not been exercised by virtue of the statute. The proceeding was brought before the clerk, and not in term. The minors are not represented by guardians ad litem appointed by the judge, but by a next friend appointed by the clerk. The order of sale was signed, not during the term of the Superior Court *Page 44 
in Haywood County, but by the judge holding the courts of the Twentieth District (which includes Haywood County) at Sylva, in Jackson County, in said district. The order of sale cannot, therefore, be held valid, because made under the power conferred upon the Superior Court.
By his will the testator devised the vacant lot to the trustees for twenty years from the date of his death, and at the expiration of such term to the "heirs of his children, to be equally divided between them perstirpes." The testator left surviving two children, a son and a daughter, both of whom had children living at the date of testator's death. The son and daughter are now living. Under C. S., 1739, the word "heirs," used in item XI of the will, must be construed to mean "children." Graves v.Barrett, 126 N.C. 267; Campbell v. Everhart, 139 N.C. 503. The children of the son and daughter of the testator living at his death, therefore, have an interest or estate in said vacant lot which vested at death of testator, the enjoyment only of which was postponed until the expiration of twenty years. Whether a child or children of the son or daughter born after the death of the testator, or a child or children of a child living at death of testator, but who may die before expiration of twenty years, such after-born child or children, or such child or children of a deceased child living at termination of the trust estate, will share with children of the son or daughter living at death of testator need not now be determined. If so, they will each share in the division as a member of a class represented by parties to this proceeding and will be bound by orders, judgment, and decrees made herein. Springs v. Scott, 132 N.C. 548, and cases cited in Anno. Ed.; Trust Co. v. Nicholson, 162 N.C. 258, and cases cited in Anno. Ed.
We, therefore, conclude that the Superior Court has the power to order a sale of the vacant lot and the conveyance of same to the purchaser upon payment of the purchase price approved by the court. Upon the facts found by the court as set out in the judgment, the exercise of this power with respect to the vacant lot is approved. The purchase price, less such costs and expenses as may be authorized and approved by the court, should be invested as directed by the testator in item VIII of the will.
The third and fourth assignments of error are sustained. The fifth assignment of error, based upon exception to paragraph 9 of the judgment and decree, is not sustained. The judgment, in accordance with this opinion, is
Modified and affirmed. *Page 45